# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARL R. MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-06-114-JHP |
| STATE OF OKLAHOMA and CASEY BLACKFORD, D.P.S. ADMINISTRATOR | ) ) ) ) |
| Defendants. | ) ) |

## Order and Opinion

Before the Court is Defendants' Motion for Dismissal of Plaintiff's Complaint. Plaintiff has not responded to Defendants' Motion. For the following reasons, Defendants' Motion is GRANTED in part and DENIED in part.

## Background

This case involves an action pursuant to 42 U.S.C. § 1983 by Plaintiff Carl R. Martin against Defendants the State of Oklahoma and Casey Blackford, Administrative Officer for the Oklahoma Department of Public Safety. In his complaint, Plaintiff alleges that Defendants violated his right to freely exercise his religion under the First Amendment to the U.S. Constitution[1] by refusing to renew the non-photo commercial driver's license (CDL) he obtained in 2001. Plaintiff asserts that as an Orthodox Jew, his religious beliefs preclude his allowing his picture to be taken. Although Plaintiff's complaint is somewhat unclear, he apparently seeks

---

[1] The First Amendment provides in relevant part that "Congress shall make no law...prohibiting the free exercise [of religion]." The First Amendment is incorporated by and made applicable to the states via the Due Process Clause of the Fourteenth Amendment. *See Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940).

relief from this Court in the form of (1) unemployment benefits (2) an injunction requiring that Casey Blackford renew his non-photo CDL, and (3) additional monetary damages for harm sustained as a result of Defendants' refusal to renew his CDL.[2]

On July 14, 2006, Defendants filed their Motion for Dismissal of Plaintiff's Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Subsequent to the filing of Defendants' Motion, the Court held a status and scheduling conference with Plaintiff and counsel for Defendants on August 24, 2006. Based on Plaintiff's assertions that he was seeking an attorney and intended to add additional parties, the Court informed Plaintiff that it would allow him 30 days before addressing the pending motions. As Plaintiff has done neither, the Court will now consider Defendants' Motion for Dismissal.

## Discussion

Defendants assert three propositions in support of their Motion for Dismissal. First, Defendants assert that Plaintiff improperly served the State of Oklahoma in contravention of both Rule 4 of the Federal Rules of Civil Procedure and Okla. Stat. tit. 12 § 2004(C). Second, Defendants assert that both the State of Oklahoma and Casey Blackford, in his official capacity, are immune from suit pursuant to the Eleventh Amendment of the U.S. Constitution. Finally, Defendants assert that Casey Blackford, in his individual capacity, has qualified immunity from Plaintiff's claim for damages. The Court addresses these propositions separately below.

### A. Sufficiency of Service of Process on the State of Oklahoma

Defendants first contend that Plaintiff failed to properly serve the State of Oklahoma.

---

[2] Plaintiff specifically requests "Temp. - unemployment benefits and temp. C.D.L. so I can get back to work; Actual, Proximate, Exemplary, and any other relief the Court find appropriate." (Pl. Complaint at 3.) Nevertheless, the Court recognizes that a pro se complaint should be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

According to Rule 4 of the Federal Rules of Civil Procedure, service upon a state or other governmental organization "shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed. R. Civ. P. 4(j)(2). Oklahoma law allows for personal service "upon a state...by delivering a copy of the summons and of the petition to the officer or individual designated by specific statute." Okla. Stat. tit. 12, § 2004(C)(1)(c)(5). Absent a specific statute, personal service may be made "upon the chief executive officer or a clerk, secretary, or other official whose duty it is to maintain the official records of the organization." *Id*. In addition, service by mail is effective when a copy of the summons and petition is "accept[ed] or refus[ed] by an employee of the office of the officials specified in [C)(1)(c)(5)] who is authorized to or who regularly receives certified mail." Okla. Stat. tit. 12, § 2004(C)(2)(c).

Because no statute provides specifically for service upon the State of Oklahoma as an entity, Plaintiff was required to serve a copy of the complaint and summons on the chief executive officer of the State. The chief executive officer of the State of Oklahoma is the Governor of the State of Oklahoma. Okla. Const. Art. 6, § 2. Accordingly, Plaintiff's could have effected proper service by personally serving the Governor of the State of Oklahoma, or the clerk, secretary, or other individual responsible for maintaining official records of the State, or by sending a copy of the complaint and summons by certified mail to the Governor's office. Instead, the complaint and summons were mailed to the Oklahoma Attorney General. Because Plaintiff failed to properly serve the State of Oklahoma under either federal or state law, his complaint against the State must be dismissed.

    B.  <u>**Eleventh Amendment Immunity of the State of Oklahoma and Casey**</u>

## **Blackford in His Official Capacity**

Defendants next contend that the Eleventh Amendment bars Plaintiff's claims against the State of Oklahoma and Casey Blackford, in his official capacity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although its express terms limit the Eleventh Amendment's application to suits by citizens of one state against another state, it has long been interpreted to apply to suits against a state by citizens of that state as well. *See Hans v. Louisiana*, 134 U.S. 1 (1890). Thus, as a general matter, "the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies."[3] *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).

Nevertheless, federal courts have recognized a number of exceptions to the doctrine of sovereign immunity. "A state's immunity from suit by private individuals in federal court...may be overcome in three instances: (1) the state consents to suit; (2) Congress expressly abrogates the states' immunity; or (3) the citizen sues a state official pursuant to *Ex Parte Young*, 209 U.S. 123 (1908)." *Opala v. Watt*, 454 F.3d 1154, 1157 (2006). The Court therefore must determine whether any of these exceptions apply to Plaintiff's suit.

In his complaint, Plaintiff fails to provide any evidence that the State of Oklahoma acted to waive its sovereign immunity to Plaintiff's suit, and the Court has not identified any such

---

[3] Based on the unclear nature of Plaintiff's complaint, Defendants also address the issue of the immunity of the Oklahoma Department of Public Safety in their Motion for Dismissal. The Court notes that Plaintiff's complaint does not identify the agency explicitly as a party. Moreover, because states and their agencies are treated substantially the same for purposes of the sovereign immunity analysis, insofar as Plaintiff's complaint could be construed as asserting a claim against the agency, the Court's examination of the State's immunity applies equally to the Oklahoma Department of Public Safety.

action on the part of the state. Moreover, the U.S. Supreme Court has previously recognized that Congress did not intend to abrogate the sovereign immunity of the states by enacting 42 U.S.C. § 1983, the statute under which Plaintiff brings his action. *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Will*, 491 U.S. at 66. Thus, the first two exceptions to the State's Eleventh Amendment immunity do not apply in this case. The only remaining question is whether the *Ex parte Young* exception permits Plaintiff's suit.

As the Tenth Circuit noted in *Robinson v. Kansas*, the *Ex parte Young* exception is based on the recognition that "when a private party sues a state officer for prospective injunctive or declaratory relief from an ongoing violation of the Constitution or federal laws, the suit is not...against the state itself and the Eleventh Amendment does not apply." 295 F.3d 1183, 1188 (10th Cir. 2002). "If the act which the state [official] seeks to enforce be a violation of the Federal Constitution, the officer in proceeding under such enactment...is...stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Ex parte Young*, 209 U.S. at 159-160.

When determining whether to apply the *Ex parte Young* exception to a particular case, the Tenth Circuit employs a four-part framework:

> First, we determine whether the action is against state officials or the state itself. Second, we look at whether the alleged conduct of the state officials constitutes a violation of federal law. Third, we assess whether the relief sought is permissible prospective relief or analogous to a retroactive award of damages impacting the state treasury. Finally, we analyze whether the suit rises to the level of implicating "special sovereignty interests."

*Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1205-06 (10th Cir. 2002). Under this test, if the action is against the state, the alleged conduct of the official does not violate federal law, the

relief sought is a retroactive monetary award, or the case presents special sovereignty interests, then the *Ex parte Young* exception does not apply. The Court analyzes each of these factors separately with regard to the various claims in Plaintiff's complaint.

Under the first factor of the Tenth Circuit's framework, Plaintiff has seemingly brought claims against both the State of Oklahoma and its official, Casey Blackford. As noted in the Eleventh Amendment analysis above, Plaintiff's claims against the State itself, as well as its agencies, are barred by the Eleventh Amendment. To the extent that Plaintiff's claims seek relief against Casey Blackford, however, such claims satisfy the first factor of the Tenth Circuit's test. *See Robinson v. Kansas*, 295 F.3d 1183, 1191 (10th Cir. 2002).

Several of Plaintiff's claims also obviously violate the third factor of the Tenth Circuit's test. Plaintiff's requests for unemployment compensation for his time out of work and for money damages, at least as they relate to the Casey Blackford in his official capacity, would involve retroactive monetary compensation from the State's treasury. Such claims are clearly outside the *Ex parte Young* exception and therefore barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651 (1974).

Plaintiff's request for renewal of his non-photo CDL presents a different matter. Unlike a request that the Court declare the past actions of a state official to have violated federal law, or a request for retroactive monetary relief, Plaintiff's request for renewal of his non-photo CDL is prospective in nature and not analogous to a retroactive award of damages. Inasmuch as the Court interprets Plaintiff's complaint as requesting that the Court issue an injunction requiring Casey Blackford, in his official capacity, to renew Plaintiff's non-photo CDL, Plaintiff's complaint constitutes a request for prospective injunctive relief from ongoing violation of federal law—namely, Casey Blackford's refusal to renew Plaintiff's non-photo CDL in contravention of

the Free Exercise Clause of the First Amendment. As such, this aspect of Plaintiff's complaint satisfies the third prong of the Tenth Circuit's framework.

In addition, Plaintiff's claim for injunctive relief appears to satisfy the second prong of the Tenth Circuit's framework. As the Tenth Circuit has directed, "this prong of [the] *Ex parte Young* analysis does not require [courts] to ascertain whether state officials actually violated federal law...[but] to determine whether Plaintiffs state a non-frivolous, substantial claim for relief against the State officers that does not merely allege a violation of federal law 'solely for the purpose of obtaining jurisdiction.'" *Id*. at 867 (quoting *Larson v. Domestic & Foreign Comm. Corp.*, 337 U.S. 682, 690 n.10 (1949)) (internal citations omitted). Without expressing any opinion as to the merits of Plaintiff's claim, it suffices to say that Plaintiff has met the low hurdle presented for *Ex parte Young* purposes by alleging that Casey Blackford violated, and continues to violate, Plaintiff's First Amendment right to freely exercise his religion by refusing to renew Plaintiff's non-photo CDL.

Finally, Defendants have not presented any evidence in this case that Plaintiff's claims raise concerns related to special sovereignty interests of the State of Oklahoma. The commercial vehicle licensing scheme at issue in this case, although obviously important, does not appear to implicate the same types of special interests as the state's control over the ownership and regulation of submerged lands, *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997), or its tax collection system. *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1193 (10th Cir. 1998). As such, the Court finds that Plaintiff's requested relief does not violate the fourth prong of the Tenth Circuit's framework.

Based on the foregoing analysis, all of Plaintiff's claims against the State of Oklahoma itself, or against its agencies, are barred by the State's sovereign immunity. Moreover,

Plaintiff's claims for retroactive unemployment compensation and monetary damages, insofar as they relate to Casey Blackford in his official capacity, are also barred. Plaintiff's claim for prospective injunctive relief against Casey Blackford in his individual capacity, however, falls within the *Ex parte Young* exception and is not barred by the State's sovereign immunity.[4]

### C. Qualified Immunity of Casey Blackford in His Individual Capacity

Finally, Defendants argue that Casey Blackford, in his individual capacity, enjoys qualified immunity from any claims against him by Plaintiff for monetary damages. As a general matter, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As the U.S. Supreme Court noted in *Anderson v. Creighton*, "permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." 483 U.S. 635, 638 (1987). For this reason, the law shields government officials "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Id*. Although one need not establish that "the very action in question has previously been held unlawful...in the light of pre-existing law the unlawfulness must be apparent." *Id*. at 640.

In this case, Plaintiff alleges that by refusing to renew his non-photo CDL, Casey

---

[4] Although Defendants, relying on various U.S. Supreme Court cases, argue that "neither the State of Oklahoma...nor a state official is a 'person' subject to suit under 42 U.S.C. § 1983," (Def's Mot. at 6), the Court has made clear that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

Blackford violated his right to freely exercise his religion as guaranteed by the First Amendment to the U.S. Constitution. Although, as noted above, such an allegation may be sufficient to support Plaintiff's claim for prospective injunctive relief against Casey Blackford from being barred by the State of Oklahoma's sovereign immunity, it does not follow that the alleged unlawfulness of Casey Blackford's actions was apparent. In denying Plaintiff's request that his non-photo CDL be renewed, Casey Blackford apparently relied on Okla. Stat. tit. 47, § 6-111(A)(1). That statute provides, in relevant part, that "[t]he Department of Public Safety shall, upon payment of the required fee, issue to every applicant qualifying therefore a Class A, B, C or D driver license...which...shall bear thereon...a color photograph or computerized image of the licensee or cardholder." Given that he was acting pursuant to a statute whose unlawfulness is far from apparent under current precedent,[5] the Court fails to see how Casey Blackford could not reasonably have thought his actions consistent with Plaintiff's First Amendment right to freely exercise his religion. The Court therefore concludes that Casey Blackford does have qualified immunity from Plaintiff's claims for monetary relief.

## Conclusion

For the foregoing reasons, Defendant's Motion for Dismissal of Plaintiff's complaint is GRANTED in part and DENIED in part. Specifically, Defendants' Motion is GRANTED with respect to Plaintiff's claims for retroactive unemployment compensation and monetary damages against the State of Oklahoma and Casey Blackford, in both his official and individual capacities. Insofar as the Court interprets Plaintiff's claim for renewal of his non-photo CDL as

---

[5] Without expressing an opinion with regard to the merits of Plaintiff's claims, the Court notes that "a law that is both neutral and generally applicable need only be rationally related to a legitimate governmental interest to survive a constitutional challenge." *Grace United Methodist Church v. City Of Cheyenne*, 451 F.3d 643, 649 (10th Cir. 2006).

a claim for prospective injunctive relief against Casey Blackford in his official capacity, Defendants' Motion is DENIED. Plaintiff shall have 15 days from receipt of this Order in which to amend his complaint in accordance with this Order.

IT IS SO ORDERED this 14th day of November 2006.

James H. Payne
United States District Judge
Eastern District of Oklahoma