# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARL R. MARTIN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )     **Case No. CIV-06-114-JHP** |
| STATE OF OKLAHOMA and | ) |
| CASEY BLACKFORD, D.P.S. | ) |
| ADMINISTRATOR | ) |
| | ) |
| **Defendants.** | ) |

## <u>Order and Opinion</u>

Before the Court is Plaintiff Carl R. Martin's Motion for Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's Motion is DENIED.

## <u>Background</u>

On March 22, 2006, Plaintiff Carl R. Martin filed a cause of action under 42 U.S.C. § 1983 against the State of Oklahoma and Casey Blackford, Administrative Officer for the Oklahoma Department of Public Safety. On March 29, 2006, Plaintiff sent to Oklahoma Attorney General Drew Edmondson and Casey Blackford a Notice of Lawsuit and Requests for Waiver of Service of Summons via certified mail. Although the exhibits provided with Plaintiff's Motion are not entirely clear, it appears from Defendant Casey Blackford's return receipt that the Notice was received on March 30, 2006.

The Notices each provide that the Defendants will have 60 days in which to waive service of summons. (Pl. Mot. at 7, 10.) Apparently receiving no response to his requests for waiver of summons, Defendant subsequently caused the Court Clerk of the United States District

Court for the Eastern District to issue copies of the summons to Attorney General Drew

Edmondson on behalf of the State of Oklahoma and to Casey Blackford on June 20, 2006, and

the record indicates that each was received two days later on June 22, 2006.

On July 12, 2006, counsel for Defendants mailed to Plaintiff Defendants' Motion for

Dismissal of Plaintiff's Complaint. On August 15, 2006, more than one month later, Plaintiff

filed the present Motion for Default Judgment. In the interim, Plaintiff had filed a Motion for

Preliminary Injunction, which this Court referred to the Magistrate Judge for the Eastern District

for hearings, and the parties filed a number of related pleadings.

## Discussion

Plaintiff seeks a default judgment based upon Rule 55 of the Federal Rules of Civil

Procedure. That rule provides that a default judgment may be entered "[w]hen a party against

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as

provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ.

P. 55(a). Except in those cases where the claim against the defaulting party is for a sum certain

or for which simple computation is required, "the party entitled to a judgment by default shall

apply to the court therefor." Fed. R. Civ. P. 55(b).

In this case, Plaintiff alleges that he is entitled to a default judgment because "Plaintiff

effected...service of this lawsuit on Defendants...via certified-return-receipt U.S. mailings...on 3-

29-2006," (Pl. Mot. at 2), and "Defendant Casey Blackford...failed to plead or otherwise

defend...as provided by Fed. R. Civ. P. 4(d)(2)(f)[1] and has taken 104 days...before making first

---

[1] The Court notes that Rule 4(d)(2)(f) merely provides that a notice of request to waive service of summons "shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States."

appearance in this case." (Pl. Mot. at 3.)

Plaintiff's allegations suffer from a number of flaws. First, Plaintiff mistakenly interprets his Requests for Waiver of Summons as satisfying the requirements of service of process upon Defendants and consequently seeks to measure the failure of Defendants to respond from that date. Those documents, however, expressly note that "this is not a formal summons or notification from the court." (Pl. Mot. at 7, 10.) Instead, the notices provide that "if...you return the signed waiver...[t]he action will then proceed against you as if you had been served on the date the waiver is filed." *Id.* On the other hand, if the recipient fails to return a signed waiver, the notices warn that Plaintiff "will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure." *Id.*

Plaintiff inappropriately cites to Rule 4 as providing the deadline for Defendants' responsive pleadings. In fact, the timing of Defendants response to service of Plaintiff's complaint and summons is governed by Rule 12 of the Federal Rules of Civil Procedure. Rule 12 provides that " [u]nless a different time is prescribed in a statute of the United States, a defendant shall serve an answer within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). Rule 6, which governs the computation of time under the Federal Rules of Civil Procedure, notes that "[i]n computing any period of time prescribed or allowed by these rules...the day of the act, event, or default from which the designated period of time begins to run shall not be included [but] [t]he last day of the period so computed shall be included." Fed. R. Civ. P. 6(a).

The record demonstrates that Defendants received service of Plaintiff's complaint and summons on June 22, 2006 via certified mail. In response, Defendants filed a Motion for Dismissal, clearly fulfilling their obligation to plead or otherwise defend against Plaintiff's

action as contemplated by Rule 55.  Moreover, the certificate of service in Plaintiff's Motion for

Dismissal expressly notes that "on the 12th day of July, 2006, a true and correct copy of the

foregoing document was mailed, postage prepaid to [Plaintiff]."  Plaintiff himself concedes that

"[o]n 7-12-2006...Mr. BLACKFORD makes a first appearance in this case via STATE of

OKLAHOMA legal agent: who files a response."  (Pl. Mot. at 2-3.)  The Court notes that July

12, 2006, is exactly 20 days after the return receipt indicates Defendants received service of

Plaintiff's summons and complaint.  Although Defendant's Motion was not entered in this Court

until July 14, 2006—two days after the 20 day deadline—the Court accepts Plaintiff's

representation in his Motion for Default Judgment that he did in fact receive service of Plaintiff's

Motion on July 12, 2006.

Even assuming Defendants failed to meet Rule 12's 20 day deadline for responding to

Plaintiff's complaint, Plaintiff has failed to comply with the requirements for obtaining default

judgment in this Court.  Local Civil Rule 55.1 requires that "[t]o obtain entry of default pursuant

to Fed. R. Civ. P. 55(a), the party must provide the Court Clerk with a 'Motion for Entry of

Default by the Clerk.'"  LCvR 55.1(a).  "Once a party is in default, a default judgment pursuant

to Fed. R. Civ. P. 55(b) may be requested by filing a motion for default judgment."  LCvR

55.1(b).  The record reflects no attempt by Plaintiff to comply with Local Court Rule 55.1 by

obtaining an entry of default prior to filing his Motion for Default Judgment, nor is there any

record of default being entered by the Court Clerk.

In addition, the Court notes that it has discretion on the decision to enter default judgment

against a party.  In *Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990), the Tenth Circuit

addressed the plaintiff's contention "that the district court erred in denying his motion for a

default judgment, made at the close of trial, alleging that the [defendant] failed to answer his

second amended complaint." In finding that the district court had not abused its discretion by denying plaintiff's motion, despite the defendant's admission that it had not responded to the amended complaint, the Tenth Circuit emphasized "the strong preference for the disposition of litigation on the merits...and the lack of any allegation of prejudice to [plaintiff]." *Id*. at 1386 (citations removed). In this case, Defendants' departure from the time constraints imposed by Rule 12, if any, was relatively minor. Plaintiff fails to demonstrate how such a small delay in Defendants' filing their Motion for Dismissal would prejudice Plaintiff in any material way, particularly when Plaintiff himself waited more than a month after Defendants entered an appearance and began actively defending against Plaintiff's action before seeking a default judgment. Instead, the strong preference in favor of resolving this case on its merits, particularly where any neglect on Defendants' part in filing would likely be excusable under Fed. R. Civ. P. 55(c) and 60(b),[2] counsels against granting Plaintiff's Motion.

## Conclusion

For the reasons noted above, Plaintiff's Motion for Default Judgment pursuant to Rule 55(b) is hereby DENIED.

IT IS SO ORDERED this 14th day of November 2006.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[2] Fed. R. Civ. P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 60(b) provides in turn that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for...mistake, inadvertence, surprise, or excusable neglect."