# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARL R. MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06-CV-114-JHP |
| CASEY BLACKFORD, D.P.S. Administrator, | ) |
| Defendant. | ) |

## ORDER

On March 23, 2007, Plaintiff Carl R. Martin filed a so-called Ex Parte Motion for Preliminary Injunction. After receiving an expedited response to Martin's motion from Defendant Casey Blackford, the Court referred the matter to Magistrate Judge Steven P. Shreder for findings and recommendations. On April 5, 2007, the Magistrate Judge set a hearing on Martin's motion at 2:00 p.m. on April 18, 2007. Although the minute order setting the hearing was mailed to Martin's address, Martin failed to appear at the hearing. Accordingly, both the Magistrate Judge and counsel for Blackford were required to waste time and resources in preparation for an adversarial hearing that never occurred.

Likewise, in its February 2, 2007, Settlement Conference Order, the Court set a settlement conference for 9:00 a.m. on May 17, 2007 and referred the matter to Magistrate Judge Kimberly E. West for purposes of conducting the conference. The Order provides that the parties are to submit Settlement Conference Statements no later than May 3, 2007, setting forth the factual issues, issues of law, damages, and the history of settlement negotiations in the case. Moreover, all continuances must be requested by motion at least seven days before the scheduled conference. Finally, the Order warns that "[u]pon certification by the Settlement Judge of

circumstances showing non-compliance with this order, the assigned trial judge may take any corrective action permitted by law...includ[ing] contempt proceedings and/or assessment of costs, expenses, and attorney fees, together with any additional measures deemed by the court to be appropriate under the circumstances." (Settlement Conference Order at 4.) This Order too was mailed to Martin's post office box.

In spite of the clear language of the Settlement Conference Order, Martin failed to submit the required Settlement Conference Statement, to request a continuance, or to appear at the settlement conference. Again, as a result of Martin's actions, both the Magistrate Judge and counsel for Blackford were forced to needlessly expend time and energy preparing for a hearing that never occurred. In response, the Magistrate Judge issued her Certification of Facts Concerning Plaintiff's Failure to Comply with Settlement Conference Order, recommending "that this case be set for a show cause hearing to provide [Martin] an opportunity to appear and explain why he should not be sanctioned for violating the Settlement Conference Order, including consideration of dismissal of this case." (Certification at 2.)

As a result of Martin's repeated failures to comply with the Court's orders or to attend scheduled hearings, and in light of the recommendation contained in the Magistrate Judge's Certification of Facts, the Court entered a minute order on May 24, 2007, directing Martin to appear before this Court at 10:00 a.m. on June 1, 2007, to show cause "why he should not be sanctioned for violating the Settlement Conference Order, including consideration of dismissal of this case." Again, this minute order was mailed to Martin's residence. Nevertheless, in spite of the implicit warning that his failure to appear to explain himself could result in the dismissal of this case, Martin has failed to appear as ordered by the Court.

"As a general proposition, the trial court has the inherent power to dismiss a plaintiff's action for failure to prosecute or to comply with the rules of federal procedure or any order of the court." *Meeker v. Rizley*, 324 F.2d 269, 271 (10th Cir. 1963); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). In *Ehrenhaus v. Reynolds*, the Tenth Circuit set forth a number of factors that a court should generally consider before choosing dismissal as a sanction, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the plaintiff in advance that dismissal of the action would be a likely sanction; and (5) the efficacy of lesser sanctions. 965 F.2d 916, 921 (10th Cir. 1992). Although they do not form a rigid test, the Tenth Circuit has nevertheless indicated that courts "should ordinarily evaluate these factors on the record." *Id*. "'Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.'" *Id*. (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 (10th Cir. 1988)).

The prejudice to Blackford in this case is clear. Martin has failed to comply with at least three court orders, and has failed to attend three separate hearings. In doing so, he has placed Blackford in a significant disadvantage, precluding the efficient resolution of Martin's own motion for preliminary injunction through an adversarial proceeding and denying any effect to the settlement process. Moreover, Martin's behavior has resulted in unnecessary attorney fees for Blackford, who has complied with the Court's orders and prepared for these hearings, to no avail.

Martin has also greatly interfered with the judicial process. As did the plaintiff in *Ehrenhaus*, the Court can only assume that Martin, who was aware of and able to attend previous hearings in this case, has "wilfully failed to comply with...direct court order[s]." *Id*. In addition to wasting the Court's time and resources, Martin's failure to comply with the Court's orders has undermined the authority of the Court. As the district court noted in *Ehrenhaus*, "[i]f [a plaintiff] could ignore court orders...without suffering the consequences, then [the district c]ourt cannot administer orderly justice, and the result would be chaos." *Id*. (internal quotations omitted.)

With regard to Martin's culpability, the Court recognizes that Martin is a *pro se* plaintiff. Although this fact makes Martin himself, rather than counsel, solely responsible for his actions, the Court is mindful of its obligation to "carefully assess whether it might appropriately impose some sanction other than dismissal, so that the [*pro se*] party does not unknowingly lose its right of access to the courts because of a technical violation." *Id*. at 920 n.3. Nevertheless, based upon the circumstances in this case, the Court finds that Martin's *pro se* status does not mitigate his culpability. Unlike the situation where a *pro se* party has unintentionally violated an arcane provision of procedural law, Martin has failed to obey numerous orders simply directing him to appear in Court at a particular time. Given Martin's ready compliance with previous orders directing him to appear for a status and scheduling conference and a prior motion for preliminary injunction, the Court is certain that Martin is fully capable of complying with and understanding such orders. Thus, the Court can only conclude that his failure to comply with the Court's subsequent orders, without advising the Court of any inability to do so, is the result of either wilfulness or inexcusable neglect.

With regard to the fourth *Ehrenhaus* factor, although the minute order setting the hearing

on Martin's preliminary injunction motion did not warn of sanctions and the Settlement Conference Order only specifically identified contempt proceedings or assessment of costs and fees as potential sanctions for violations, both Magistrate Judge West's Certification of Facts and the Court's minute order setting the show cause hearing clearly placed Martin on notice that the Court was specifically contemplating dismissal of Martin's case, as opposed to other sanctions, as a result of his behavior. Thus, Martin cannot contend that the dismissal of his case would come as a surprise for his failure to appear today.

Finally, with regard to the efficacy of lesser sanctions, the Court recognizes that it has the authority to impose lesser sanctions for Martin's violation of the Court's orders and his failure to appear at scheduled hearings. Nevertheless, the Court does not believe that lesser sanctions would effective or appropriate under these circumstances. Given Martin's non-responsiveness to the Court's prior orders and warnings, Martin was obviously undeterred by the threat of simple contempt proceedings or monetary sanctions. Indeed, in light of Martin's failure to appear at hearings or otherwise respond to the Court's orders, it is unclear whether Martin would comply with lesser sanctions ordering affirmative actions on his part. Instead, because Martin's actions have prohibited this case from proceeding to its conclusion in an orderly and expeditious manner, the Court concludes that the most appropriate sanction in this case would be to dismiss this case, thereby avoiding further delays or the need for escalating sanctions.

Having previously given substantial deference to Martin and his *pro se* status when he failed to strictly adhere to the Court's directives and the Federal Rules of Civil Procedure (*See* Docket No. 51), the Court concludes that such leniency is no longer appropriate. Accordingly, based upon his failure to prosecute this action, to attend scheduled hearings, and to obey the orders of this Court, the Court hereby ORDERS that Plaintiff Carl R. Martin's action against

Defendant Casey Blackford be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 1st day of June, 2007.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma